PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* YAROWSKY.

*In re* SMITH.

1. PROCESS—SERVICE OF COPY OF DECREE.
   That a copy of a decree restraining defendant from con-ducting a place for the purpose of lewdness or prostitution was served on her while she was under arrest would not invalidate the service, because a decree is not process.[1]

2. CONTEMPT—NOT A CRIMINAL PROCEEDING.
   Proceedings adjudging one guilty of contempt in violating a decree restraining her from conducting a place of prostitution, is not a criminal proceeding, although it partakes of a criminal nature.[2]

3. SAME—PROCEEDING NOT VOID BECAUSE DEFENDANT NOT PRESENT.
   One served with notice to show cause why she should not be punished for contempt, who did not appear on the date named or on the date to which the hearing was adjourned at the request of her counsel, may be said to have had her day in court, and, therefore, she may not complain that the proceeding at which the testimony was taken and she was found guilty was invalid because she was not present.[3]

Certiorari to Wayne; Houghton (Samuel G.), J., presiding. Submitted April 8, 1926. (Docket No. 50.) Decided October 4, 1926.

Grace Smith, *alias* Grace McIntyre, was adjudged guilty of contempt of court, and sentenced to imprisonment for three months in the Wayne county jail. Affirmed.

*Fleming, Baird & Morden,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Harry N. Deyo,* Assistant Attorney General, for the people.

[1]Process, 32 Cyc. pp. 422, 495; [2]Contempt, 13 C. J. § 81; [3]Id., 13 C. J. § 113.

Bird, C. J.    A chancery proceeding was begun in the Wayne circuit court by the attorney general under Act No. 272, Pub. Acts 1915 (2 Comp. Laws 1915, § 7781 *et seq.*), against certain premises situate in the city of Detroit, known as 1912 Second avenue, claiming a nuisance was maintained therein by reason of its being a house of prostitution, and praying for its abatement.    Charles and Jennie Yarowsky, the owners of the premises, and Grace Smith, who operated the place, were made parties defendant in the suit. A hearing in the circuit court resulted in a finding that said premises were used for such purposes, and they were declared to be a nuisance.    A decree was made, ordering the premises padlocked for one year, and ordering the furniture sold, unless a bond was given by the owners agreeable to the statute.    The decree also provided that:

"By virtue of the authority therein vested, doth hereby order, adjudge and decree that the said Grace Smith, otherwise known as Grace McIntyre, and her servants, agents or employees, be and they are hereby restrained from conducting, maintaining, operating or leasing said premises above described, or any part thereof, or any other premises within this judicial circuit, for the purpose of lewdness, assignation or prostitution, or for the use of prostitutes or other disorderly persons."

Later, upon a showing that Grace Smith had violated the decree by conducting a similar place within the jurisdiction of the court, at 2708 Brush street, an order to show cause why she should not be punished as for contempt was issued and served upon her, and, after a hearing, the court adjudged her guilty of contempt and gave her a prison sentence.    She reviews the proceedings by certiorari and raises several questions.

It is urged that the contempt to which defendant was obliged to answer was a criminal proceeding, and

that inasmuch as she was not present in court when the testimony of the witnesses was taken the proceedings are invalid.     At the original hearing at which the nuisance was established and the injunctive features were issued, Grace Smith was present by her attorneys.     The record appears to be silent as to whether she was personally present.     A copy of the decree was served upon her before the service of the order to show cause.     The mere fact that it was served upon her while under arrest would not invalidate the service, because a decree is not process.     *Parks* v. *Bryant,* 132 Ala. 224 (31 South. 593).     She was, therefore, fully informed of the provisions of the decree.     She was afterwards served with a notice to show cause why she should not be punished as for a contempt.     She did not appear at the date named to show cause, but the hearing was adjourned at the request of her attorneys.     She did not appear on the adjourned day.     Under these circumstances we think she has had her day in court.

Much time has been given in defendant's brief to the question whether the contempt was a civil or criminal proceeding.     It was neither wholly one nor the other. It partook of both, civil and criminal.     That part of the decree ordering a padlocking of the house was probably remedial, and, therefore, civil.     That part enjoining the defendant from doing certain things was personal.     It is not always easy to distinguish whether these proceedings are civil or criminal.     The test is well stated in *State* v. *Knight,* 3 S. Dak. 509 (54 N. W. 412, 44 Am. St. Rep. 809) :

"If the contempt consists in the refusal of a party to do something which he is ordered to do for the benefit or advantage of the opposite party, the process is civil, and he stands committed till he complies with the order.     The order in such a case is not in the nature of a punishment, but is coercive, to compel him to act in accordance with the order of the court.     If,

on the other hand, the contempt consists in the doing of a forbidden act, injurious to the opposite party, the process is criminal, and conviction is followed by fine or imprisonment, or both; and this is by way of punishment.    In one case the private party is interested in the enforcement of the order, and, the moment he is satisfied, the imprisonment ceases.    On the other hand, the State alone is interested, in the enforcement of the penalty, it being a punishment which operates *in terrorem,* and by that means has a tendency to prevent a repetition of the offense in other similar cases."

But even though the proceedings are criminal in their nature, in our view we do not think they were void because Miss Smith was not present when the testimony was taken.    This is not a criminal proceeding, although it partakes of a criminal nature. *State* v. *Howell,* 80 Conn. 668 (69 Atl. 1057, 13 Ann. Cas. 501, 125 Am. St. Rep. 141).    It was said in *Meddlebrook* v. *State,* 43 Conn. 257 (21 Am. Rep. 650), that:

"This is not a criminal proceeding within the meaning of the statute.    The fine and imprisonment which the court is authorized to inflict for a contempt are not intended as a punishment for a crime committed in violation of the criminal law; and punishment for the contempt is no bar to a prosecution for a breach of the peace, notwithstanding the universal maxim that no one shall be put in jeopardy twice for the same offense.    Courts of chancery and probate courts have no criminal jurisdiction; and yet it will hardly be denied that they have the power to punish for contempt."

Defendant Smith well knew that she was charged by the bill with operating a house of prostitution.    She was fully aware that the premises were found to be a nuisance on that account.    She was fully informed as to the decree and she knew that she was inhibited therein from running or operating a like place anywhere within the judicial district.    An order to show

cause why she should not be punished for violating the injunction was served upon her.   She did not appear except by attorney.   The proof was overwhelming that she had violated the injunction.   She was given an opportunity to appear and make her defense.   She refrained from so doing for reasons of her own.   It does not lie in her mouth now to say the proceeding was invalid because she was not present.   Bearing on this phase of the case Corpus Juris observes:

"Judgment rendered without any hearing or opportunity to defend is void, although a party who does not appear at the time set for hearing after a continuance has been granted but is represented by counsel, cannot complain that his right to be present has been violated."   13 C. J. p. 79.

The order of the trial court is affirmed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.