AUSTIN *v.* VAN HORN.

1. INJUNCTION—BUILDING RESTRICTIONS—PARTIES CONTINUING VIO-
    LATION OF BUILDING RESTRICTIONS PENDING APPEAL DO SO AT
    THEIR PERIL.

    Where, pending appeal from decree denying injunction to re-
    strain erection of store building in residence district in viola-
    tion of building restrictions, building was completed, leased,
    and sold, parties in so dealing acted at their peril.

2. APPEAL AND ERROR—CONTEMPT.

    Where Supreme Court decreed store building to be in violation
    of building restrictions, enjoined use thereof for any pur-
    pose other than residence purposes, and ordered that, within
    certain time building be either taken down, dismantled, or
    remodeled into residence, but granted defendants leave to
    apply to circuit court for modification of decree when justi-
    fied by subsequent changes in character of subdivision, action
    of defendants in petitioning circuit court for modification
    within period of mandate was in nature of effort to review
    said decree in circuit court and by so doing, and in failing
    to obey mandate of Supreme Court, defendants were guilty
    of contempt.

3. MUNICIPAL CORPORATIONS—BUILDING RESTRICTIONS.

    Widening of street by city under power of eminent domain, and
    establishment of street car tracks therein, will not destroy
    building restrictions.

Petition by Francis Austin against Charles J. Van
Horn and others to show cause why they should not
be adjudged guilty of contempt of this court for
violation of a decree thereof. Submitted Decem-
ber 10, 1929. (Calendar No. 34,022.) Decided Jan-
uary 24, 1930.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiff.

*John R. Zeigler,* for defendant Maloney.

*Frank C. Golden,* for defendant Great Atlantic & Pacific Tea Co.

Wiest, C. J.   Plaintiff, by petition, informed the court that Lawrence J. Maloney and the Great Atlantic & Pacific Tea Company contumaciously refuse to abide and obey our mandatory decree entered April 12, 1929, in the case of *Austin* v. *Van Horn.* The opinion in that case is reported in 245 Mich. 344. In response to our order to show cause, Mr. Maloney, the present owner of the property involved, and the Tea company, lessee of the property, filed separate answers setting up circumstances in excuse of their disobedience.   The mandate of the decree has been disobeyed by Mr. Maloney and the Tea company, in that they continue to maintain the violations of building restrictions they were bound to abate, and their asserted excuses do not serve to purge the contempt.   We will briefly state the facts:

Plaintiff owns property in a restricted residence subdivision in the city of Detroit, and filed a bill in the Wayne circuit to restrain Charles Van Horn, the then owner of another lot in the subdivision, from erecting a store building thereon in violation of building restrictions, and asked for injunctive relief. The injunction was denied and the bill dismissed. Plaintiff appealed.   While the appeal was pending the store building was completed by Mr. Van Horn, and leased by him to the Great Atlantic & Pacific Tea Company, and that company entered and is now using the building as a store.   Mr. Van Horn, after completing and leasing the building, sold the premises to Mr. Maloney.   In so dealing with the property *pendente lite,* these parties acted at their peril.   We reversed the decree in the circuit, and, by our decree, enjoined use of the premises and building thereon for business purposes, or for any other than resi-

dence purposes, and ordered that, within 90 days, the two-story brick store and office building upon the premises be either taken down, dismantled, or remodeled into a residence building to conform to the building restrictions. The decree also granted leave to defendants therein to apply to the Wayne circuit for modification thereof if, and when, subsequent changes in the character of the subdivision furnished justification.

Instead of obeying our decree, Mr. Maloney filed a petition in the Wayne circuit, alleging changed conditions, and asking for a modification of the decree to the extent of permitting the violations we adjudged and ordered abated. Upon that petition an order, maintaining the *status quo,* was made in the Wayne circuit, and no obedience accorded our decree by defendants herein. The proceeding in the Wayne circuit for modification is held in abeyance awaiting our determination in this proceeding.

We have considered the petition, answers, and affidavits filed. The leave granted in our decree to apply to the Wayne circuit for modification in case of changed conditions did not admit of such an application within the very period our mandate to remove, dismantle or remodel the building was operative. The action of Mr. Maloney, in filing the petition for modification, was quite in the nature of an effort to review, in the circuit, our decree.

The widening of the street by the city, under the power of eminent domain, and the establishment of street car tracks therein, will not destroy the building restrictions. Mr. Maloney and the Great Atlantic & Pacific Tea Company have disobeyed the mandate of our decree, and are adjudged to be guilty of contempt.

The motion of defendants for a stay of this proceeding until the petition in the circuit for modifica-

tion of our decree is heard is denied, with costs to plaintiff. As a matter of grace, we grant them ten days in which to purge themselves of the contempt by exact obedience to the decree. If this is done, and the costs of this proceeding paid, we will enter a proper order. If not done, an order admeasuring punishment will be entered.

BUTZEL, CLARK, POTTER, SHARPE, FEAD, and NORTH, JJ., concurred. McDONALD, J., took no part in this decision.