HOME DEVELOPMENT CO. v. OMELEANCHIK.

1. Covenants—Building Restrictions—Waiver.

Property owner does not necessarily waive right to insist on strict enforcement of building restrictions in particular district by failure to insist on observance thereof in other parts of same subdivision.

2. Same—Residential Purposes.

Purpose of building restrictions in certain deeds and contracts, *held*, to be to restrict subdivision to residential purposes.

3. Same—Disregarding Restrictions.

Ordinarily grantee may not disregard plain meaning of restrictions by erecting building for business purposes on rear of lot, even though it abuts on side street.

4. INJUNCTION—PARTIES—JOINING ADDITIONAL PARTIES.

Under 3 Comp. Laws 1929, § 14018, joinder of home owners as additional parties plaintiff, after proofs were all in, was properly permitted, in suit to enjoin violation of building restrictions, where defendant suffered no disadvantage therefrom except technical one.

5. SAME—MODIFYING DECREE—BUILDING RESTRICTIONS.

Decree enjoining use of building for store purposes and ordering its removal because such use violates building restrictions is modified, on appeal, and permission given to convert it into private garage, which defendants claim they intend to do, within limited time.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted January 7, 1931. (Docket No. 44, Calendar No. 35,341.)  Decided February 27, 1931.

Bill by Home Development Company, a Michigan corporation, and others against Samuel Omeleanchik and another to enjoin violation of building restrictions. Decree for plaintiffs. Defendants appeal. Modified and affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiffs.

*Wm. Henry Gallagher* (*Francis Fitzgerald,* of counsel), for defendants.

BUTZEL, C. J. Plaintiff Home Development Company platted ''Judson Bradway's Six Mile Road Subdivision of Part of Fractional Section 7, Town 1 South, Range 12 East, in the city of Detroit, Wayne county, Michigan,'' consisting of 304 lots. It sold and conveyed these lots to various parties, and inserted in the deeds or contracts of sale the following building restrictions:

''Character and Value of Buildings: Nothing but a single private dwelling-house, a double house or

duplex shall be constructed on Joseph Campau parkway or on Irving boulevard. No building shall be constructed with flat roof. All single dwellings on Joseph Campau parkway or in Irving boulevard, between Palmer boulevard and Erwin avenue shall cost not less than $2,500; double house $3,000; and duplex, $2,700. Between Maderia avenue and Erwin avenue single dwellings not less than $2,000; double, $2,700; duplex $2,500; and between Maderia avenue and Carson street, single houses to cost not less than $1,800 and double, $2,500 and duplexes, $2,500.

"Building Line: The building line for all lots fronting on Joseph Campau parkway or on Irving boulevard, shall be twenty feet from the front or on street line. Projections forming a part of the residence shall be considered as a part of the residence and must be set within the building line. Open porches and steps are not to be construed as part of a residence.

"Grade: The grade line of all residence buildings shall be substantially not more or less than one-half inch to each foot above the established sidewalk grade opposite said premises unless by mutual consent in writing and recorded of all the property owners on one side of any block should change the same.

"Third: This deed is given and accepted by the parties hereto in consideration of mutual agreements and waivers heretofore had between them, with a covenant on the part of the party of the second party, her heirs, representatives, assigns will never sell, assign, transfer, convey or lease all or any part thereof to be occupied by any person or persons other than those of the Caucasian race."

The name of Joseph Campau parkway was subsequently changed to Joseph Campau avenue, that of Irving boulevard to Anglin avenue, that of Erwin avenue to Stender avenue, and that of Maderia

avenue to Minnesota avenue.  Joseph Campau avenue and Anglin avenue, running north and south, are the two main streets of the subdivision and all of the lots front on one or the other of them, except that 28 lots face Palmer boulevard on the southerly side of the subdivision.  One hundred forty-three of the lots of the subdivision face either the east or west side of Anglin avenue.  Two side streets, Minnesota avenue and Stender avenue, run through the subdivision.  Defendants are the owners of lot 47, located on the southwest corner of Anglin avenue and Stender avenue.  Anglin avenue has been built up with substantial and attractive frame houses.  All of them conform with the restrictions.  Joseph Campau avenue is an extension of an important thoroughfare, the character of which has changed in many sections from a residence to a business street.  The part embraced in the subdivision was widened after the plat of the subdivision was recorded.  There have been four deviations from the restrictions by owners of lots fronting on Joseph Campau avenue in the subdivision.

Defendants, who own an attractive home, which conforms with the restrictions, began the erection of a one-story store building in the rear of their house on their corner lot so that the store fronts on Stender avenue.  The plaintiffs thereupon filed a bill to restrain defendants from building a store building and using the lot for business purposes, and further asking that the building be removed.  A question is also raised as to whether defendants were not guilty of contempt of court in continuing to construct the store building after being served with a preliminary injunction forbidding the erection of such a structure.  The trial judge did not

pass on the question of contempt, but stated that formal charges might be filed. As this has not yet been done, the question of contempt is not before us. The trial judge rendered a decree in favor of plaintiffs, enjoined the use of the property for business purposes, and ordered the removal of the store building that had been erected. Defendants appeal.

Defendants claim the restrictions on Anglin avenue were waived because they were broken on Joseph Campau avenue. An owner does not necessarily waive the right to insist on the strict enforcement of restrictions in a particular district by his failure to insist upon their observance in some other blocks or streets of the same subdivision. *Farley* v. *Finn,* 226 Mich. 205 and 209, and the many cases therein cited.

Defendants further claim that restrictions must be strictly construed against the grantor, and, inasmuch as nothing was said in the restrictions in regard to the side streets, the defendants had a right to build a store building on a side street. The plat shows that all of the lots, except those on Palmer boulevard, front on Joseph Campau or Anglin avenues, although each corner lot abuts also on the side street. A reading of the restrictions leaves no doubt but that their purpose was to restrict the subdivision to residential purposes. Ordinarily defendants cannot disregard the plain meaning of the restrictions by erecting a building for business purposes on the rear of their lot even though such part of the lot abuts on a side street. In *Zoller* v. *Goldberg,* 183 Mich. 197, where the question of the use of the rear part of the lot for business purposes arose, it was held that the "clear intention of the parties was to prevent the erection of any building on the lot to be used for business purposes."

Defendants further claim that it was error for the court to permit the addition of a number of plaintiffs after the proofs were all in.  Complaint is made that plaintiff corporation had lost all interest in the property because it had disposed of all of the lots although some of the lots were still being sold on contract and title retained by plaintiff.  The owners of homes on Anglin avenue, interested in upholding the restrictions, were permitted, over defendants' objections, to join in the case as parties plaintiff after the testimony was in, so that any objection to plaintiff's having lost interest by having sold out the subdivision need not be considered.  These plaintiffs appeared as witnesses in the case and defendants do not show that they were put to any disadvantage except a technical one by the adding of parties plaintiff.  It was proper to permit the joinder of additional parties as plaintiffs.  3 Comp. Laws 1915, § 12361 (3 Comp. Laws 1929, § 14018).

The only question about which there may be some doubt is whether the court should have ordered the demolition of the entire store building.  A glance at the photographic exhibits plainly shows that the building was not designed for a garage: In front it has two plate glass windows with a glassed-in recess midway between them, leading to the entrance door with a glass window instead of a panel as is customary in a store building.  Defendants claim that it was their purpose when they erected the building to convert it into a garage if it should be judicially determined that the restrictions prohibited a store building being erected on the property.

It is further claimed that any violation of the injunction was unintentional and it was only for the purpose of protecting the building material on the property, and that objections to doing this had been

withdrawn. This is a matter for the court to determine if proceedings are brought for contempt.

The defendants may have 60 days from the time of the filing of this opinion in which either to remove the store building or convert it into a private garage without any store front whatsoever. Otherwise the decree of the lower court is affirmed. Plaintiffs will also recover costs notwithstanding the slight modification in the decree.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.