STATE OF MICHIGAN *ex rel* WAYNE PROSECUTOR v POWERS

Docket No. 78-4645. Submitted January 7, 1980, at Detroit.—Decided April 23, 1980. Leave to appeal applied for.

The Wayne County Prosecutor brought an action to abate a public nuisance against Robert J. Powers, Robert C. Benson, Cynthia A. Benson and Charles H. Wrightman (who was dismissed as a party). The Wayne Circuit Court, Peter B. Spivak, J., issued an order abating the nuisance. Wrightman was found to be in contempt for violating the order, sentenced to six months in jail and ordered to pay a $1,000 fine. Wrightman appeals, alleging that the circuit court lacked in personam jurisdiction over him because (a) the affidavits supporting the order to show cause were insufficient to sustain a finding of contempt; (b) defendant was not a party to the original proceeding from which the injunctive order issued; (c) it was never established that defendant was an agent or employee of the party defendants in the original action; and (d) the injunctive order of June 17, 1977, was void. *Held:*

1. A person made a party to a suit is bound by an order of the court if he is within that class of persons to be restrained and has knowledge or notice of the order.

2. Conduct not committed in the presence of the court, to be the proper subject of contempt proceedings, must be brought to the court's attention by petition supported by affidavits of a person or persons who have personal knowledge of the acts; a trial judge can rely on facts stated in the submitted affidavits as well as legitimate inferences drawn therefrom in determining whether contempt was committed.

3. Service of process by publication is acceptable in an action to abate a public nuisance if personal service cannot be obtained.

4. Contempt proceedings under the public nuisance statute

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contempt § 95 *et seq.*
  Use of affidavit to establish contempt. 79 ALR2d 657.
[2] 20 Am Jur 2d, Courts §§ 101, 105.
[3] 17 Am Jur 2d, Contempt § 78.

are criminal in nature. Therefore, the appropriate standard of proof is that of "beyond a reasonable doubt".

Reversed and remanded.

1. CONTEMPT — CONTEMPT OUT OF COURT'S PRESENCE — AFFIDAVITS.

Conduct not committed in the presence of the court, to be the proper subject of contempt proceedings, must be brought to the court's attention by petition supported by affidavits of a person or persons who have personal knowledge of the acts; a trial judge can rely on facts stated in the submitted affidavits as well as legitimate inferences drawn therefrom in determining whether contempt was committed.

2. PARTIES — COURT ORDERS.

A person made a party to a suit is bound by an order of the court if he is within that class of persons to be restrained and has knowledge or notice of the order.

3. CONTEMPT — NUISANCE — STANDARD OF PROOF — STATUTES.

Contempt proceedings under the public nuisance statute are criminal in nature and require proof beyond a reasonable doubt for a conviction (MCL 600.3801 *et seq.;* MSA 27A.3801 *et seq.).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people.

*William W. Swor,* for defendant

Before: R. M. MAHER, P.J., and M. F. CAVANAGH and CYNAR, JJ.

PER CURIAM. On October 31, 1978, Charles H. Wrightman (hereinafter defendant) was found to be in contempt of court by Wayne County Circuit Court Judge Peter B. Spivak for violating a permanent injunctive order abating a public nuisance which was entered by the judge June 17, 1977. Defendant was sentenced to six months in jail and ordered to pay a $1,000 fine. He now appeals as of right.

On appeal, defendant initially contends that the circuit court lacked in personam jurisdiction over him, which is an indispensable prerequisite to adjudging one to be in contempt. This contention has four bases: (1) the affidavits supporting the order to show cause were insufficient to sustain a finding of contempt; (2) defendant was not a party to the original proceeding from which the injunctive order issued; (3) it was never established that defendant was an agent or employee of the party defendants in the original action; and (4) the injunctive order of June 17, 1977, is void. We address these allegations *seriatim.*

Contumacious behavior not committed in the presence of the court, to be subject to punishment for contempt, must be brought to the court's attention by petition supported by affidavit(s) of a person or persons who witnessed or have personal knowledge of the acts charged. If an inadequate affidavit is the predicate which underlies the contempt proceeding or if no affidavit at all accompanies the petition, the court lacks jurisdiction over the person of the alleged contemnor. *Randall v Genesee Circuit Judge,* 336 Mich 335, 338-340; 57 NW2d 906 (1953), *In re Emery T Wood,* 82 Mich 75, 82-83; 45 NW 113 (1890), *In re Henry,* 25 Mich App 45, 53; 181 NW2d 64, *lv den* 384 Mich 783 (1970). In determining whether an affidavit is sufficient, *i.e.,* whether it states facts which constitute the commission of contemptuous conduct, a trial judge can rely on the stated facts as well as legitimate inferences drawn therefrom. *Randall, supra,* 340, *In re Henry, supra,* 56, *inter alia.*

The petition filed in the instant action charged a violation of the injunctive order: to wit, use of the premises for purposes of prostitution and lewdness. One of the affidavits supporting the petition was

based upon the personal knowledge of the affiant and recited facts which, when taken together with all legitimate inferences drawn therefrom, presented prima facie evidence of contempt. Therefore, at least on this ground, the court was not without jurisdiction in this matter.

Defendant's next claim, that, since he was neither a party to the original action nor shown in the affidavits filed herein to be an agent, servant, or employee of the named party defendants, the court lacked personal jurisdiction, is also wanting in merit. Defendant had actual notice of the injunction as averred in the petition in the within case and had been personally served with a copy of the injunctive order.

The fact that defendant has not been shown to be a named party to the original action or a named party's servant is not necessarily a fatal flaw. *Craig v Kelley,* 311 Mich 167, 179; 18 NW2d 413 (1945). In *Craig,* a finding of contempt was not set aside, even where the defendant was not a named party in the original action nor named in a restraining order, where he was a husband of a named party and *knew* of the injunction. Actual knowledge *plus* personal service of the order upon defendant are present here. In addition, defendant had been a named party defendant in the original action to abate a nuisance, until dismissed therefrom because he was not an owner of the premises covered by the order.[1]

The better view is that, once made a party to a suit, a person is bound by orders entered therein where he has knowledge *or* notice thereof and can fairly be said to be within that class of persons sought to be restrained. This is in essence an application of the doctrine of privity. *Cf., United*

---

[1] The dismissal was based upon MCL 600.3810(1); MSA 27A.3810(1).

*States v Hall,* 472 F2d 261, 267 (CA 5, 1972). Here, defendant had both knowledge *and* notice of the injunction.

Moreover, his inclusion as a party defendant in the nuisance action is a strong indicium that he was within the class of persons whose conduct was sought to be restrained. We perceive no defect sufficient to divest the court of jurisdiction over defendant's person under grounds (2) and (3) alleged hereinbefore by defendant.

We summarily reject defendant's argument that the injunctive order itself was void *in toto* because the equitable owner of the premises affected thereby was not personally served in the nuisance action but served via publication. GCR 1963, 782.2, allows for substituted service of process by publication under GCR 1963, 106, in an action to abate a public nuisance, if personal service cannot be obtained. More importantly, GCR 1963, 782.4 specifically provides that jurisdiction to try the case is not lost, nor is power to enter a proper order of abatement and judgment against those defendants upon whom service is had, in the event that service upon all defendants named in the complaint is not made. Thus, as to those defendants personally served, as well as to the defendant herein, the injunctive order was in full effect.

We therefore conclude that the trial court had jurisdiction to act in personam with respect to defendant.

Next, we address the issue we find dispositive of this appeal. The question is whether the trial court appropriately characterized the contempt proceeding as civil or criminal and correctly applied the concomitant standard of proof in passing judgment on defendant.

Contempt proceedings under the public nuisance

statute are criminal in nature, *People v Goodman,* 17 Mich App 175, 178; 169 NW2d 120 (1969), as the purpose of contempt proceedings arising out of violations of orders entered in such nuisance actions is to punish the defendant for his past disobedience. Such sanctions are characteristic of criminal contempt proceedings. Also indicative of criminal contempt is the imposition of a determinate sentence without any opportunity for the contemnor to purge himself of the contempt. *State Bar of Michigan v Cramer,* 399 Mich 116; 249 NW2d 1 (1976). When so sentenced, the defendant does not conditionally "carry the keys of [his] prison in [his] own pocket" and the action cannot be deemed civil in nature. *Goodman, supra,* 177, *Cramer, supra,* 127.

In this case, defendant was given a flat six-month unconditional sentence and a fine of $1,000. No possibility of purgation attended the sentence. However, the trial court never stated on the record the standard of proof he employed in determining defendant's guilt *vel non.* In criminal contempt cases, proof of guilt must be beyond a reasonable doubt. *Goodman, supra,* 179, *Jaikins v Jaikins,* 12 Mich App 115, 121; 162 NW2d 325 (1968).

Compounding this ambiguity was the fact that during the proceedings the court declared that defense counsel should not assume that the court would not give defendant an opportunity to purge himself. The court further implied that the proceedings were civil by quoting from *People ex rel Attorney General v Yarowsky,* 236 Mich 169, 172; 210 NW 246 (1926), which language indicated that contempt proceedings relating to violations of decrees restraining the use of premises as houses of prostitution were not criminal. To the extent that

the Court in *Cramer, supra,* relied on *Goodman, supra,* it must be taken to have overruled *Yarowsky sub silentio.* The lower court's reliance on *Yarowsky* was thus misplaced.

Since by all indications in the record the lower court treated the contempt proceeding as civil in nature, with its attendant standard of proof "by a preponderance of the evidence", *Jaikins, supra,* 121, we are constrained to reverse defendant's conviction for contempt of court. Accordingly, we remand the cause for a new contempt proceeding at which the appropriate criminal standard of proof is to be utilized in deciding defendant's guilt. *Cf., People v Oliver,* 407 Mich 857; 283 NW2d 502 *rev'g* 90 Mich App 144; 282 NW2d 262 (1979).

Reversed and remanded for further proceedings consistent with this opinion.