## *In re* COLLINS.

1. CONTEMPT—FILING OF FALSE PLEADING—VIEW OF COURT.

The filing of a false pleading in a suit for divorce, if a contempt, was not "committed in the immediate view and presence of the court" affording grounds for summary punishment thereof (CL 1948, § 605.2).

2. SAME—NOT IN VIEW OF COURT—HEARING.

A contempt of court, not committed in its immediate view and presence, must be brought before the court by affidavit of the person who witnessed it, or has knowledge of it and a rule made, based upon such affidavit either that an attachment issue, or that the accused show cause at a certain time and place why he should not be punished for the alleged contempt of court (CL 1948, § 605.3).

3. SAME—"IMMEDIATE VIEW AND PRESENCE OF THE COURT."

The words "immediate view and presence of the court" in statute relating to contempt proceedings are words of limitation and exclude the idea of constructive presence, do not extend beyond the range of vision of the judge and apply only to such contempts as are committed in the face of the court (CL 1948, § 605.2).

4. SAME—NOT IN VIEW OF COURT—HEARING.

One accused of contempt not committed in the presence of the court is entitled to be informed of the nature of the offense, and to be given time to prepare his defense and secure the assistance of counsel, and if he denies the offense he may not be found guilty until the issue of fact thus made has been disposed of after proper investigation, and the opportunity given him to produce witnesses in his own behalf, without depriving him of constitutional rights.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 6] 12 Am Jur, Contempt, §§ 4, 5.
[2, 4] 12 Am Jur, Contempt, § 69.
[4, 5] 12 Am Jur, Contempt, § 70.
[4, 5] Necessity that hearing be allowed before imposition of punishment for contempt. 57 ALR 545.

5. SAME—EXONERATION.

> Defendants in contempt proceedings should be given every opportunity to exonerate themselves.

6. SAME—FILING OF FALSE PLEADING—SUMMARY PUNISHMENT.

> Plaintiff in divorce suit who in April, 1945, filed a bill for divorce in which it was alleged that a common-law marriage was consummated between herself and the defendant in May, 1939, whereas she had not been granted a divorce from her previous husband until January, 1944, did not commit a contempt "in the immediate view and presence of the court" permitting the court in which the bill was filed to punish the plaintiff summarily therefor (CL 1948, § 605.2).

7. SAME—COSTS.

> No costs are awarded upon vacation of order summarily committing petitioner for contempt of court for filing a false pleading in suit for divorce.

Habeas corpus by Lee F. Collins with certiorari to Wayne Circuit Court to obtain her release from custody of Sheriff of Wayne County. Submitted October 12, 1950. (Calendar No. 43,223.) Order of commitment vacated December 5, 1950.

*Shapero & Shapero* and *Samuel H. Weisman,* for petitioner.

NORTH, J. This is a petition for habeas corpus and for ancillary certiorari filed in behalf of Lee F. Collins by 1 of her 2 "duly authorized agents and attorneys." We shall refer to Lee F. Collins as the petitioner. On April 10, 1945, she filed a bill for divorce from Thom Collins, alleging that a common-law marriage was consummated between herself and defendant in May, 1939. The defendant filed an answer and cross bill. Subsequently the parties were before the circuit court on a motion by defendant to dismiss the plaintiff's bill of complaint, and also a motion to dismiss the cross bill. At the hearing of these motions it seemingly came to the attention of

the trial judge, who had before him the court file in a former divorce wherein petitioner was plaintiff, that she was formerly married to one Charlie Norris; that in July, 1943, the petitioner herein, as Lee F. Norris, filed a bill for divorce from Norris and obtained a decree of divorce from him in January, 1944, in the same court where the instant case was pending; and it further appeared in petitioner's bill for divorce in the instant case that under oath she alleged she became the common-law wife of Collins in May, 1939. From the foregoing it is obvious that plaintiff claimed in her pending divorce case that she and Collins consummated a common-law marriage while she was the lawful wife of Norris. On being called as a witness and examined by the court, petitioner admitted the facts above noted. Possibly sensing that it was preliminary to charging petitioner with contempt of court, her counsel, at the time she was called to testify, made the following objection:

"Your Honor, I object to any hearing upon any matter, unless I have the petition and know what I have to answer."

At the conclusion of the hearing, by consent of counsel, the motions, above noted, were granted. As pertaining to the contempt proceedings the circuit judge made on the record the following statement:

"It is the conclusion of this court that Lee F. Collins, when she filed her bill of complaint against Thom Collins, on April 10, 1945, in Chancery No 375,128, knew exactly what she was doing; that she perjured herself when she alleged in the bill and swore to it that there was a common-law relationship between her and Thom Collins at the date alleged in the bill. It is the further contention of this court at that time that she fraudulently obtained jurisdiction of this court, and by so doing, she is guilty of abuse of process of this court, and I find her in contempt of court for so doing."

Thereupon the circuit judge sentenced petitioner to 30 days in the Detroit house of correction and caused her to be placed in the custody of the sheriff for commitment. Petitioner gave her cash bond in the sum of $100 and was thereupon released from custody. On this appeal the petitioner presents the following questions: (1) Is the filing of a false pleading contemptuous; (2) Assuming petitioner's bill of complaint is in fact contemptuous, is the filing of it a contempt committed in the immediate presence and view of the court such as would authorize a summary proceedings in contempt and punishment therefor; or (3) In such contempt proceedings is the defendant entitled to be served with a copy of the charges and the right to reply in advance of hearing?

There had been no petition, affidavit or citation by which petitioner had been brought before the court in a contempt proceedings. The circuit judge seems to have assumed that the contempt of which he found petitioner guilty was "committed in the immediate view and presence of the court," and therefore afforded grounds for summary proceedings. In that respect the circuit judge was in error. If plaintiff's conduct can be said to be contemptuous, it occurred at the time she swore to her bill of complaint and filed it in the circuit court. In so doing she was not acting "in the immediate view and presence of the court." The statute pertaining to contempt proceedings (CL 1948, § 605.1 *et seq.* [Stat Ann § 27.511 *et seq.*]) in part reads:

"When any misconduct, punishable by fine and imprisonment as declared in the last section, shall be committed in the immediate view and presence of the court, it may be punished summarily, by fine or imprisonment, or both, as hereinafter prescribed." CL 1948, § 605.2 (Stat Ann § 27.512).

"When such misconduct is not so committed, the court shall be satisfied by due proof, by affidavit of the facts charged, and shall cause a copy of such affidavit to be served on the party accused, a reasonable time to enable him to make his defense, except in cases of disobedience to any rule or order requiring the payment of money, and of disobedience to any subpoena." CL 1948, § 605.3 (Stat Ann § 27.513).

"A direct contempt, committed in the immediate view and presence of the court, will be noticed by the court, and, on its own motion, it will punish summarily in the mode pointed out by the statute. But those not committed in its immediate view and presence must be brought before the court by affidavit of the persons who witnessed them, or have knowledge of them; and a rule is made, based upon such affidavit, either that an attachment issue, or that the accused show cause at a certain time and place why he should not be punished for the alleged contempt. * * * The words 'immediate view and presence' are words of limitation, and exclude the idea of constructive presence. The immediate view and presence does not extend beyond the range of vision of the judge, and the term applies only to such contempts as are committed in the face of the court." *In re Wood*, 82 Mich 75, 82.

"One accused of contempt not committed in the presence of the court is entitled to be informed of the nature of the offense, and to be given time to prepare his defense and secure the assistance of counsel, and if he denies the offense he may not be found guilty until the issue of fact thus made has been disposed of after proper investigation, and the opportunity given him to produce witnesses in his own behalf, without depriving him of constitutional rights." *In re Smilay* (syllabus), 235 Mich 151.

To the same effect in a case involving Michigan law, see *In re Oliver*, 333 US 257, 273, 275 (68 S Ct 499, 92 L ed 682).

"Adjudication of contempt of court and commitment to jail for alleged misconduct * * * not committed in the presence of the court, *held*, a deprivation of liberty without due process of law where court was not presented with an affidavit reciting alleged acts of misconduct and no order to show cause or attachment was issued." *In re Ventchell* (syllabus), 279 Mich 690.

"Defendants in contempt proceedings should be given every opportunity to exonerate themselves." *In re White*, 327 Mich 316.

Under the foregoing authorities it must be held that petitioner by order of the circuit court was unlawfully committed for contempt. Since under that order she is still technically in custody, such order is vacated and her bond cancelled. Our order herein should be certified to Wayne county circuit court. No costs are awarded.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.