*In re* SCOTT.

1. Contempt—Evidence.

Record in habeas corpus and accompanying ancillary certiorari disclosed sufficient facts upon which to base conviction of contempt of court, where it appears petitioner's testimony was contradictory of that of other witnesses and her own contradictory statements and conduct contributed to the decision.

2. Same—Statutes—Common Law—Summary Conviction.

The statute authorizing summary contempt procedure is merely declaratory, and in affirmation, of the inherent common-law right of courts of record to determine contempt (CL 1948, § 605.2).

3. Same—Summary Conviction—Due Process.

Due process requires that the salient facts constituting the contempt of court be within the personal knowledge of the judge (CL 1948, § 605.2).

4. Same—Well-Founded Belief of Untruthfulness of Testimony.

Even a well-founded belief in the untruthfulness of the testimony of a witness is an insufficient basis for a trial judge's summarily finding him guilty of contempt (CL 1948, § 605.2).

5. Same—Judicial Knowledge—Testimony of Other Parties.

The requisite judicial knowledge, sufficient to permit summary punishment for contempt, is absent when the determination of contempt is dependent, in part, upon the testimony of other parties (CL 1948, § 605.2).

6. Same—Time.

Whether or not it was error for the trial court to wait some 48 hours after the alleged contemptuous conduct took place be-

References for Points in Headnotes

[1, 4] 12 Am Jur, Contempt § 17.
[2, 3, 5] 12 Am Jur, Contempt § 61.

fore summarily sentencing petitioner therefor is not discussed on her petition for habeas corpus and ancillary certiorari, where conviction is reversed for failure to accord petitioner due process of law by reason of the fact that conviction was summary, notwithstanding it was based, in part, upon the testimony of other witnesses, although normally time is of little importance (CL 1948, § 605.2).

Petition by Virginia Ann Scott for writ of habeas corpus, with ancillary writ of certiorari to Frank G. Schemanske, judge of Recorder's Court of the City of Detroit, to test validity of conviction for contempt of court. Submitted April 5, 1955. (Calendar No. 46,317.) Judgment reversed and petitioner discharged June 6, 1955.

*William J. McBrearty* and *Patrick J. Keating,* for plaintiff.

*Henrietta E. Rosenthal,* for respondent in certiorari.

Butzel, J. Virginia Ann Scott, petitioner, seeks a writ of habeas corpus and the ancillary writ of certiorari to review what she claims was an illegal conviction of contempt of court by the Honorable Frank G. Schemanske, a judge of the recorder's court of the city of Detroit, also referred to as respondent.

Petitioner and Haroldine Cucchi, both 18 years of age, were informed against for larceny of a wallet in the city of Detroit. Petitioner pleaded guilty to a lesser charge but later was called as a prosecution witness at the trial of her alleged accomplice. The record reveals that during the trial petitioner's testimony was at times contradictory in nature regarding the complicity of Haroldine Cucchi. She initially testified that defendant Cucchi was not aware of the theft of the wallet. Later she stated

that defendant Cucchi knew that petitioner had the wallet but asked her to return it.   Petitioner further testified that Cucchi was not an accomplice as alleged and that neither of the two told a police officer and a matron that they were both involved and in fact had planned the crime together.   This testimony contradicted that given by the officer and the matron who swore that the 2 girls had admitted to them their joint participation in the crime.   After her testimony petitioner was ordered to be present in the court each day of the trial.   Two days later, while the jury was considering its verdict, the court called petitioner before the bench and advised her that she was in contempt of court and summarily sentenced her to 15 days in jail.   Though previously admonished to tell the truth, petitioner was not given a hearing on the charges nor properly advised of them prior to being sentenced, nor given the opportunity to obtain counsel in order to present a defense.   Petitioner here seeks to review this summary conviction.

In reviewing these proceedings we are limited to a consideration of whether there is any testimony to support the finding and more particularly whether the court legally proceeded in the manner it did. *In re Wood,* 82 Mich 75; *In re Gilliland,* 284 Mich 604.

Does the record reveal facts sufficient to support a conviction?   The conviction order states that petitioner:

"did give wilfully false and evasive testimony as follows:   she denied that said Haroldine knew what she, Virginia, was going to do when Virginia went to Cora's (complainant) purse; she denied that she had told detective Sopolinski that Haroldine knew this (Tr 4); she denied that she had told a police matron that Haroldine was also in on this; she denied that she had agreed to steal this money with

the other girl (5); she denied that Haroldine knew what she was doing in the store; she denied that she and Haroldine planned this thing (larceny) before going into the store. She testified falsely, on cross-examination that Haroldine didn't know at any time that she, Virginia, had taken the money (7) that she hadn't planned it (8) all of which testimony was wilfully false and evasive and in contempt of this court and said Virginia Ann Scott is therefore adjudged guilty of criminal contempt."

The partial transcript attached thereto contains excerpts of petitioner's testimony and the testimony of both the police officer and police matron. Insofar as that part of the record is concerned it is evident that the conviction was based entirely upon the fact that petitioner's testimony conflicted with that of these other witnesses. Respondent asks, and petitioner does not object, that we also look to his return, supported by a complete transcript, in order to find that the contempt conviction was based upon other conduct as well. As will be noted later in the opinion, it is important to determine the basis for the conviction. Respondent states in his return that:

"The attitude of petitioner on the stand, her evasive replies to prosecutor's questions, her patent cooperation with defense counsel, her changing testimony in response to his leading questions, her contumacious and contemptuous attitude towards the court, and her own contradictory statements were evidence of her contempt of this court and her efforts to thwart public justice. These were substantiated by the testimony of the 3 witnesses mentioned."

Apparently the jury believed petitioner because they acquitted Haroldine Cucchi. This, however, would not be decisive to the question. A review of the entire proceeding convinces us that there were sufficient facts upon which a contempt conviction

might be sustained. It is further evident that the conviction was based primarily upon the fact that petitioner's testimony conflicted with that of other witnesses, though her own contradictory statements and conduct contributed to the decision. That such demeanor can be contempt is well settled. CL 1948, § 605.1 (Stat Ann § 27.511); *People* v. *Doe,* 226 Mich 5; *People* v. *Wolfson,* 264 Mich 409; 11 ALR 342; 73 ALR 817. We find nothing evasive or contumacious in the testimony except insofar as it is in contradiction with that of the 2 witnesses for the people.

Petitioner, however, was convicted summarily. In view of the circumstances was she thus accorded due process of law, or was she entitled to a full hearing on the charges, with the right to obtain counsel, and time to present a defense? The statute authorizing summary contempt procedure, CL 1948, § 605.2 (Stat Ann § 27.512), provides:

"When any misconduct, punishable by fine and imprisonment as declared in the last section, shall be committed in the immediate view and presence of the court, it may be punished summarily, by fine or imprisonment, or both, as hereinafter prescribed."

It should be here noted that statutes of the type enacted in Michigan are merely declaratory, and in affirmation, of the inherent common-law right of courts of record to determine contempt. *Langdon* v. *Judges of the Wayne Circuit Court,* 76 Mich 358; 17 CJS, Contempt, § 43, p 55. What occurred in this case, of course, took place in the physical "presence of the court." However, in order to have a valid summary conviction, due process requires that the salient facts constituting the contempt be within the personal knowledge of the judge. In *In re Wood, supra,* this Court was considering a summary conviction for contempt arising out of statements written on the back of a check paid into court pur-

suant to an imposed fine. Discussing the meaning of "in the presence of the court," the opinion states (p 82):

"The immediate view and presence does not extend beyond the range of vision of the judge, and the term applies only to such contempts as are committed in the face of the court. *Of such contempts, he may take cognizance of his own knowledge, and may proceed to punish summarily such contempts, basing his action entirely upon his own knowledge.* All other alleged contempts depend solely upon evidence, and are inferences from fact, and the foundation for the proceedings to punish therefor must be laid by affidavit." (Emphasis added.)

In a more recent case the Ohio court has held that personal judicial knowledge of the operative facts is necessary in a summary conviction, further saying of the testimony that a "well-founded belief of its untruthfulness is not sufficient." *Fawick Airflex Co., Inc.,* v. *United Electrical, Radio & Machine Workers of America, Local 735* (1950), 87 Ohio App 371, 382 (92 NE2d 436, 442), appeal dismissed, 154 Ohio St 106 (93 NE2d 409). The court in that case also held that where the alleged contempt is based upon conflicting evidence, the requisite personal knowledge is not present and a summary conviction of contempt thereon cannot be sustained. It is that issue which is the crux of the instant case.

There is weighty authority to the effect that the requisite judicial knowledge is absent when the determination of contempt is dependent upon the testimony of other parties.

In *Cooke* v. *United States* (1925), 267 US 517 (45 S Ct 390, 69 L ed 767), the petitioner had been summarily convicted of contempt of court because of a letter sent to the judge in chambers. Reversing the conviction, the court (p 535) quoted with approval

from *Savin, Petitioner* (1889), 131 US 267, 277 (9 S Ct 699, 33 L ed 150):

"Where the contempt is committed directly under the eye or within the view of the court, it may proceed 'upon its own knowledge of the facts and punish the offender, without further proof, and without issue or trial in any form,' *Ex parte Terry,* 128 US 289, 309 (9 S Ct 77, 32 L ed 405); whereas, in cases of misbehavior of which the judge can not have such personal knowledge, and is informed thereof only by confession of the party, or by testimony under oath of others, the proper practice is, by rule or other process, to require the offender to appear and show cause why he should not be punished. 4 Blackstone's Commentaries 286."

Recently in a case arising out of the Michigan one-man grand jury system, the supreme court of the United States in *In re Oliver* (1948), 333 US 257 (68 S Ct 499, 92 L ed 682), again dealt with this problem. The court ruled (p 273) "that failure to afford petitioner a reasonable opportunity to defend himself against the charge of false and evasive swearing was a denial of due process of law." In discussing the *Cooke Case, supra,* and others, the court stated (pp 274–276):

"There it was pointed out that for a court to exercise the extraordinary but narrowly limited power to punish for contempt without adequate notice and opportunity to be heard, the court-disturbing misconduct must not only occur in the court's immediate presence, but that the judge must have personal knowledge of it acquired by his own observation of the contemptuous conduct. *This court said that knowledge acquired from the testimony of others, or even from the confession of the accused,* would not justify conviction without a trial in which there was an opportunity for defense. * * *

"If some essential elements of the offense are not personally observed by the judge, *so that he must depend upon statements made by others for his knowledge about these essential elements,* due process requires, according to the *Cooke Case,* that the accused be accorded notice and a fair hearing as above set out." (Emphasis added.)

See, also, annotation at 57 ALR 545.

*People* v. *Doe, supra,* is cited for a contrary holding. That case involved an appeal by way of certiorari of a contempt conviction, which an equally divided court affirmed. The 4 affirming judges said, in regard to the petitioner's own contradictory statements which were the basis of his conviction (p 16):

"While his inconsistent testimony alone was not sufficient to convict for perjury * * * it was sufficient to authorize a finding that he had testified falsely * * * and that such false testimony tended to the obstruction of the due administration of justice. If this was contempt, it was direct contempt, committed in the face of the court, to be dealt with summarily."

Aside from the fact that only one-half of the court considered the issue and thus the case made no law, the other 4 desiring to reverse on another ground, the case might be distinguished on the ground that here we are primarily concerned with petitioner's testimony as it conflicted with that of other witnesses, whereas in the *Doe Case* the court had before it contradictory statements of the same witness. We need not discuss whether this is a distinction without a meaning. It may be said, however, that the cases cited also note that personal knowledge is also not present where the judge must depend upon a confession of the accused as the basis for the contempt. This would seem to apply equally in the case of contradictory statements.

Whatever the force or effect of the *Doe Case,* we are constrained to follow the pronouncements of the supreme court of the United States as concerns the facts before us.    Petitioner's conviction depended largely upon the testimony of other witnesses, which under the cases cannot be said to have been within the personal knowledge of the judge.

Petitioner makes much of the fact that she was not punished until some 48 hours after the alleged contemptuous conduct took place.    She was sentenced while the jury was considering its verdict.    In view of our decision we need not discuss this aspect of her argument but need only state that in and of itself time apparently is of little importance.    See *Sacher* v. *United States* (1952), 343 US 1 (72 S Ct 451, 96 L ed 717); *cf.,* Summary Contempt: A Sword or a Shield?, 2 Stanford L Rev 763 (1950).

It is our considered opinion that petitioner's conviction must be reversed and that any proceeding in which she might be held for contempt cannot be summary in nature but must conform to statutory and due process requirements.

Judgment reversed and petitioner discharged. No costs.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.