## PEOPLE *v.* RANDAZZO

1. CONTEMPT — NUISANCE — PUBLIC — CRIMINAL LAW — EVIDENCE — QUANTUM.

   Contempt proceedings under the public nuisance statute are criminal in nature and the usual standards of criminal procedure and evidence must be followed even though a jury trial is not mandatory (MCLA §§ 600.3801, 600.3820).

2. CONTEMPT — NUISANCE — PUBLIC — CRIMINAL LAW — EVIDENCE — QUANTUM.

   Finding defendant in contempt of court for failure to abate a public nuisance was error where the record showed that the trial court did not consider the contempt proceedings to be criminal in nature and did not apply the usual standards of criminal procedure and evidence. (MCLA §§ 600.3801, 600.3820).

3. CONTEMPT—CRIMINAL LAW—EVIDENCE—QUANTUM OF PROOF.

   Guilt beyond a reasonable doubt in a criminal contempt case is the quantum of proof required.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 January 12, 1970, at Detroit. (Docket No. 7,180.) Decided January 28, 1970. Rehearing denied March 11, 1970.

Frank Randazzo was adjudged in contempt of court for failure to abate a public nuisance. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contempt § 64.
[2] 17 Am Jur 2d, Contempt § 95.
[3] 17 Am Jur 2d, Contempt §§ 78, 99, 141.

pellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Robert A. Lesnick,* for defendant.

Before: Danhof, P. J., and Fitzgerald and Mc-Gregor, JJ.

Per Curiam. On March 5, 1969 defendant was found to be in contempt of court for failure to abate a public nuisance MCLA § 600.3801 (Stat Ann 1962 Rev § 27A.3801), and was sentenced according to statute MCLA § 600.3820 (Stat Ann 1962 Rev § 27A.3820).

Defendant's first question on appeal relative to denial of a motion for a continuance pending a legal determination of a charge against defendant's employee is now moot.

Defendant's other question is whether the people adduced the quantum of proof necessary to find defendant guilty of contempt of court.

In April, 1969 this Court held in *People* v. *Goodman* (1969), 17 Mich App 175, that contempt proceedings under the public nuisance statute, *supra,* are criminal in nature and the usual standards of criminal procedure and evidence are attendant thereon, though a jury trial is not mandatory since it is a "petty" crime.

Since the record demonstrates that the contempt proceedings below were not considered criminal in nature, we must reverse so that the usual standards of criminal procedure and evidence may be met per the *Goodman* case. The quantum of proof necessary in criminal contempt cases is proof of guilt beyond a reasonable doubt. See *Jaikins* v. *Jaikins* (1968), 12 Mich App 115.

Reversed and remanded.