*In re* HENRY

1. CONTEMPT—SUMMARY PROCEEDING—TRIAL COURT'S POWER.

The power of a trial court to punish summarily for contempt is narrowly construed.

2. CONTEMPT—SUMMARY PROCEEDING—ATTORNEY'S FAILURE TO APPEAR.

A trial court had no power to punish by summary proceedings an attorney for his failure ot appear in court, as previously ordered, because the attorney's failure to appear· was not a contempt committed in the immediate view and presence of the court.

3. CONTEMPT—FAILURE TO APPEAR—SUMMARY PROCEEDINGS—PURPOSE.

The failure of a lawyer to appear in court when required is not an action subject to summary contempt proceedings because the failure to appear may depend on reasons not within the court's knowledge and because immediate punishment is not absolutely essential to preserve the power and dignity of the court, to then and there prevent an abuse of the court's orders, to quell a disturbance, or to prevent an obstruction of justice.

4. CONTEMPT — SUMMARY PROCEEDINGS — DUE PROCESS — REQUIREMENTS.

Due process requires that one charged with contempt of court be advised of the charges against him, be afforded a hearing on the charges, and have a reasonable opportunity to meet the charges by defense or explanation; only in cases where the instant obstruction or interference with the administration of justice is present, or the necessity to quell a present disturbance, or to preserve the power of the dignity of the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contempt § 66.
[2] 17 Am Jur 2d, Contempt §§ 5, 6, 25.
[3] 17 Am Jur 2d, Contempt §§ 5, 6.
[4] 17 Am Jur 2d, Contempt § 86. ·

court or to prevent an immediate abuse of the court's orders will due process allow summary proceedings.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 December 15, 1970, at Lansing. (Docket No. 9465.) Decided April 23, 1971. Vacated by Supreme Court and remanded to circuit court, 385 Mich 762.

Milton R. Henry was adjudged in contempt of court. Defendant appeals. Order vacated.

*Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for plaintiff.

*Milton R. Henry, in propria persona.*

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

HOFF, J. At the time this appeal was processed criminal action No 22600, *People v. Calvin Williams* and other defendants, was awaiting trial in the Genesee County Circuit Court. Milton R. Henry of the Genesee County and Michigan Bar was the attorney of record for the defendants. The background of Mr. Henry's appearance of record in that case is of interest. Sometime prior to the commencement of the Calvin Williams action, Mr. Henry had been adjudged guilty of contempt of court by Genesee County Circuit Judge Mansour because of repeated failures to attend scheduled proceedings in criminal cases pending before Judge Mansour. Judge Mansour imposed fines for such contempt. Henry refused to pay the fines. Judge Mansour issued an order to show cause for Henry

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to appear at a hearing to determine whether he should be imprisoned for failure to pay the fines previously levied. Mr. Henry appeared in response to the show cause order and at the hearing agreed on the record he would never again appear before Judge Mansour on any matter in exchange for Judge Mansour's agreement to vacate the previously entered contempt order.

But then came the case of the *People* v. *Williams*. Mr. Henry had represented the defendants in the complex and extensive district court proceedings. The defendants were bound over to the circuit court for trial. The case was assigned to Judge Mansour. Mr. Henry attempted to enter his appearance on their behalf in the circuit court before Judge Mansour. The order mentioned above was then modified on the record by agreement between Judge Mansour and Henry. The agreement was this: Henry was permitted to enter his appearance to conduct the defense of the defendants in the Genesee County Circuit Court before Judge Mansour on two conditions (1) that Henry attend court on all matters duly scheduled and (2) if unable to do so, that he provide qualified alternate counsel to protect the rights of the defendants. This on-the-record agreement was made at a hearing held September 15, 1969. The dialogue between Henry and the court at that particular hearing is of note:

Henry said:

"But I will say this: You are not to ever appoint any attorney for my client. I will make sure that if I'm not here there will be other competent counsel— ."

Later Henry said:

"Let me explain what I said. I will represent them. If I'm not here, I said competent counsel

would appear in my stead of counsel. And that competent counsel will be counsel which I choose and not you. That's what I'm saying."

With the above as background—here is what then transpired:

1. On March 24, 1970, the criminal calendar was called. By local court rule, attorneys of record are required to attend this call and advise the court as to the most convenient time .for scheduling trial of criminal cases. Case number 22600 was called. Henry did not appear nor did any other counsel appear for the defendants.

2. The trial court then scheduled *People* v. *Williams,* No 22600, for trial to commence May 5, 1970.

3. About one week prior to the scheduled trial date, the prosecutor's office filed and served notice on Henry of its intent to amend the list of *res gestae* witnesses indorsed on the information. At this time, Henry made known his intention to seek a continuance (of the scheduled trial date) and Henry himself refiled motions of his own that had been previously dismissed because of his failure to appear and argue or procure witnesses in support thereof.

4. The motions scheduled by the prosecutor were duly argued but after they had been heard by the court there was not sufficient time for the court to then entertain the motions which had been refiled by Henry. The court then rescheduled the hearing on Henry's motions for May 4, 1970, at 10 a.m., that being the earliest date which Henry informed the court he would have open prior to the scheduled trial date of May 5, 1970.

5. Henry did not appear on the rescheduled motion date of May 4, 1970, to argue his motions nor did any other counsel appear for the defendants on that date.

6. On May 4, 1970, the trial court ordered a continuance of not only the hearing on Henry's defense motion but also of the trial itself which had been scheduled for the following day and this was done notwithstanding that approximately 150 witnesses were indorsed on the information and subpoenaed by the prosecuting attorney.

7. On May 4, 1970, the trial court adjudged Henry in willful contempt for failure to appear in court on the scheduled hearing date of Henry's motions or to provide alternate counsel on that date. The contempt proceedings were summary and conducted without Henry being notified thereof or being present. After finding Henry in contempt, Judge Mansour fined him $250 and ordered he be taken into custody and held until he purged himself of the contempt by either appearing himself or providing alternate counsel for his clients in the pending criminal case. A bench warrant for Henry's arrest was issued May 6, 1970.

8. On May 7, 1970, Henry filed with this Court an emergency petition for superintending control, but on May 8, 1970, this Court dismissed Henry's petition for superintending control stating in its order of dismissal that Henry had a remedy available to him by way of emergency appeal.

9. Henry then filed an emergency appeal and on May 11, 1970, this Court ordered that the execution of the bench warrant heretofore issued by the trial court for the arrest of Henry be stayed pending the disposition of this appeal.

Under the facts as set forth above was the failure of Henry to appear (or provide alternate counsel to appear) before the trial court on May 4, 1970, as previously ordered, a direct contempt committed in the immediate view and presence of the court so

that the trial court could invoke its contempt powers, be they inherent, *via* court rule or statute, to punish summarily? We think not.

The tendency of appellate review courts has been to narrowly construe the powers of trial courts to punish summarily. *In re Scott* (1955), 342 Mich 614; *In re Collins* (1950), 329 Mich 192; *In re Oliver* (1948), 333 US 257 (68 S Ct 499, 92 L Ed 682).

We hold that Henry's failure to appear in court (under the facts set forth above) was not a contempt committed in the immediate view and presence of the court and accordingly the court did not have the power to punish by summary proceedings.

The compelling reason a court may not invoke summary proceedings and punish for contempt one who fails to appear in court when required is that the reason for the absence of such person may not be within the personal knowledge of the judge. Another important reason is that under such circumstances immediate punishment is not absolutely essential to preserve the power and dignity of the court nor to prevent then and there an abuse of the court's orders. Immediate punishment is not necessary to quell a disturbance nor to prevent then and there an instant obstruction or interference with the orderly administration of justice. It is only when such narrow instances have occurred and even then only under the very eye and face of the court that the due process of law requirements must yield so as to permit the court to invoke its summary contempt powers.

In all other cases due process of law requires that one charged with contempt be advised of the charges against him, be afforded a hearing on those charges, and thereby have a reasonable opportunity to meet the charges by defense or explanation.

We fully appreciate that when Milton Henry failed to appear as ordered on May 4, 1970, the administration of justice was seriously damaged. His very absence was certainly within the personal knowledge of the trial judge. But *why* wasn't he there: —— aye —— there's the rub. Only a hearing can bring forth the reason or reasons and due process of law requires there be a hearing. The immediate punishment imposed by the trial judge via summary proceedings did not have the salutary effect of permitting the scheduled hearing to proceed nor did it prevent the abortion of the trial scheduled the following day. Thus the clear and compelling necessity was absent.

The order of Judge Mansour of May 4, 1970, adjudging Milton Henry guilty of contempt of court and the punishment imposed in such order is hereby vacated.

All concurred.