FRATERNAL ORDER OF POLICE, LODGE #98 v KALAMAZOO
COUNTY

Docket No. 77-209. Submitted February 9, 1978, at Grand Rapids.—
Decided April 3, 1978.

The Sheriff of Kalamazoo County, upon reelection and before his
second term of office commenced sent a letter to 11 deputies
informing them that they would not be reappointed to their
jobs as of January 1, 1977. The Fraternal Order of Police,
Lodge #98 and the deputies brought an action against Kalama-
zoo County and the Sheriff for violation of the provisions of
their collective bargaining agreement. The Kalamazoo County
Circuit Court, Robert L. Borsos, J., issued an order temporarily
restraining the dismissal of the deputies along with an order to
show cause why the employment of the deputies should not be
continued. The Sheriff took no action in response to the orders
and failed to reappoint the plaintiff deputies. The defendant-
Sheriff was found to be in contempt of court and appeals. *Held:*

The trial court erred in refusing to grant defendant's motion
for adjournment in respect to the contempt hearing since the
defendant had not been informed whether the proceedings
against him were civil or criminal in nature, defendant's attor-
ney was not provided sufficient time to prepare for the proceed-
ings, the contempt hearing could have been adjourned without
interfering with any substantial public interest, and failure of
the court to grant additional time under these circumstances
denied defendant due process of law.

Reversed.

1. CONTEMPT—DUE PROCESS—NOTICE OF CHARGES—HEARING—OPPOR-
TUNITY TO DEFEND.

Minimal due process safeguards require that a defendant charged
with a contempt committed outside of the presence of the court
be advised of the charges against him, be afforded a hearing

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contempt § 96.
[3, 4] 17 Am Jur 2d, Contempt § 88.
[5] 17 Am Jur 2d, Contempt § 5.
[6] 17 Am Jur 2d, Contempt § 4.

upon those charges, and have a reasonable opportunity to meet the charges by defense or explanation.

2. CONTEMPT—NOTICE REQUIREMENTS—OPPORTUNITY TO EXPLAIN—PREPARATION OF DEFENSE.

It is necessary to view the notice requirements in the context of the entire situation in determining what constitutes reasonable time for a defendant charged with contempt to meet the charges against him, to explain, or to prepare a defense to the charges.

3. CONTEMPT—ANTICIPATION OF PROCEEDINGS—DEFENSE TO CHARGES.

The fact that a defendant charged with contempt may have anticipated legal proceedings is no reason to deny him adequate time in which to prepare a defense to the charges.

4. CONTEMPT—PUBLIC INTEREST—RESOLUTION OF LITIGATION—ADJOURNMENT—DEFENSE TO CHARGES—DUE PROCESS.

Public interest in seeing that litigation is promptly resolved is no reason to deny a defendant charged with contempt an adjournment to prepare a defense to the charges where the matter could have been adjourned without interfering with any substantial public interest, and failure to grant additional time under these circumstances denies the defendant due process of law.

5. CONTEMPT—CIVIL CONTEMPT—CRIMINAL CONTEMPT—NATURE OF PROCEEDINGS—NOTICE.

A defendant, charged with contempt of court, is entitled to be informed as to whether the contempt proceedings filed against him are civil or criminal in nature.

6. CONTEMPT—CIVIL CONTEMPT—CRIMINAL CONTEMPT—DEFINITIONS.

The difference between civil and criminal contempt is that the former seeks to change respondent's conduct by threatening him with a penalty if he does not change it, while the latter seeks to punish him for past misdoings which affront the dignity of the court; criminal contempt being for past misconduct, there is no way for one so convicted to purge himself of the contempt.

*Garvey, Kreis & Silverman, P. C.,* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and ALLEN, JJ.

J. H. Gillis, P. J. In November, 1976, the voters of Kalamazoo County reelected defendant to the office of sheriff of said county. Defendant was to commence his second term of office on January 1, 1977. Prior to that date, defendant sent a letter to 11 deputies who had served under him during his prior term, informing them of the fact that they would not be reappointed when defendant began his second term of office. After receiving this notification, the 11 deputies and the Fraternal Order of Police, Lodge #98,[1] commenced an action against defendant and Kalamazoo County, alleging that the discharge violated the provisions of the collective bargaining agreement executed between Kalamazoo County and Lodge #98. As a result of this suit, a restraining order with order to show cause was issued by the Kalamazoo County Circuit Court. Upon receipt of the restraining order, defendant, through his attorney, filed a motion to dissolve the order and objected to the jurisdiction of the court to entertain the matter. The motion was granted.

Plaintiff-deputies then filed another proposed restraining order with an order to show cause and the court issued a second restraining order against defendant on December 31, 1976.

Following the issuance of this order, defendant took no action and did not reappoint any of the plaintiffs. Defendant contended that plaintiffs' terms of employment expired on December 31, 1976, and, therefore, his failure to act did not violate the terms of the restraining order.

On January 7, 1977, a hearing was conducted which resulted in the restraining order being continued as a preliminary injunction until the entire

[1] The Fraternal Order of Police, Lodge #98, represents the plaintiffs in contract negotiations with Kalamazoo County.

matter could be heard on the merits on January 14, 1977.

A pretrial hearing was conducted on January 11, 1977, at which time a petition of contempt was filed against defendant for alleged violation of the restraining order. The matter was referred by the presiding judge to the judge who issued the original restraining order. An informal hearing was conducted at the home of the latter judge, which resulted in defendant being ordered to appear the following morning in court to show cause why he should not be held in contempt of court.

At the hearing, defendant was found to be in contempt of the court's restraining order of December 31, 1976, and was sentenced to 30 days in jail along with being fined $250. Defendant was further ordered to pay damages to Kalamazoo County for the wages paid to the plaintiffs[2] during the period of January 1, 1977, to January 11, 1977. Execution of sentence was postponed pending appeal.

Defendant now appeals as of right from the order finding him in contempt of court.

Defendant first contends that the trial court erred in refusing to grant his motion for adjournment in respect to the contempt hearing since defendant's attorney did not have sufficient time to prepare for the proceedings.

It is well established that when a contempt is committed outside the presence of the court, the law requires that defendant be advised of the

[2] It appears that the county paid the wages of the plaintiffs between January 1, 1977, and January 11, 1977, believing that the restraining order required them to do so. The trial court held defendant liable for these wages since he prevented plaintiffs from working during this period.

We do not pass on the validity of awarding such damages in the case at bar, but urge the trial judge to review MCLA 600.1721; MSA 27A.1721.

charges against him, afforded a hearing upon those charges, and given a reasonable opportunity to meet the charges by defense or explanation. *In re Henry,* 32 Mich App 654; 189 NW2d 96 (1971). These minimal due process safeguards require that defendant be given a reasonable time in which to prepare a defense to the charges.

In determining what constitutes a reasonable time for preparation, it is necessary to view the notice requirements in the context of the entire situation. *Cross Co v UAW Local No. 155,* 377 Mich 202; 139 NW2d 694 (1966).

In respect to whether or not defendant had adequate time to prepare for the hearing, the trial court concluded:

"Now, what is a reasonable time in this case? Could the sheriff have anticipated that legal proceedings would flow from the letters that he has alleged to have written, and which the court will assume for the purposes of the motion of adjournment to be true. [Letters to deputy sheriffs that they would not be reappointed.] Could he have reasonably expected that legal proceedings would flow from these letters?

"The court feels that he certainly should have anticipated that legal proceedings would result, and that he could have anticipated within rather narrow limits the course of conduct, and the path that the litigation would take, because the legal issues involved are well known."

In denying defendant's motion for adjournment, the court also placed heavy emphasis on the fact that there was a great public interest in seeing that the matter be quickly resolved.

However, the fact that defendant may have anticipated the legal proceedings in the instant case is no reason to deny defendant adequate time in which to prepare a defense to the charges. Also,

while the trial court was correct in concluding that the public had an interest in seeing that the litigation be promptly resolved, the fact that a full hearing on the merits was scheduled for January 14, 1977, leads us to the conclusion that the matter could have been adjourned without interfering with any substantial public interest.

The time period from 5:30 p.m. on January 11, 1977, to 9:30 a.m. on January 12, 1977, was certainly not a reasonable time in which defendant could prepare his defense, especially in light of the fact that defendant claimed he was not in violation of the restraining order.

Accordingly, we find that defendant should have been given more time to prepare for the contempt proceedings, and the failure of the trial court to grant additional time denied defendant due process of law.

It should also be noted that when defendant was ordered to show cause why he should not be found in contempt of court, he was not informed as to whether the contempt proceedings filed against him were civil or criminal in nature. This is particularly important in light of the procedural safeguards due a defendant in a criminal proceeding as well as the quantum of proof necessary to find defendant guilty. In a criminal contempt case it is necessary to find defendant guilty beyond a reasonable doubt. *People v Randazzo,* 21 Mich App 215; 175 NW2d 333 (1970).

The difference between civil and criminal contempt has been pointed out in *Jaikins v Jaikins,* 12 Mich App 115, 120; 162 NW2d 325 (1968). There it was held:

"Essentially, the difference between civil and criminal contempt is that the former seeks to change respon-

dent's conduct by threatening him with a penalty if he does not change it, while the latter seeks to punish him for past misdoings which affront the dignity of the court. Criminal contempt being for past misconduct, there is no way for one so convicted to purge himself of the contempt."

In the instant matter, none of the papers filed in or issued by the court informed defendant of the nature of the proceedings against him.

It should also be noted that the contempt hearing was noticed on the civil docket.

Under such circumstances, defendant could not be properly convicted of criminal contempt. See *People v Johns,* 384 Mich 325; 183 NW2d 216 (1971).

The other issues raised on appeal do not merit discussion by this Court.

Reversed. No costs, a public question being involved.