## PEOPLE v LITTLE

Docket No. 56546. Submitted February 10, 1982, at Detroit.—Decided April 23, 1982.

Joe N. Little pled guilty to larceny in a building, pursuant to a plea-bargaining agreement, in Detroit Recorder's Court, Samuel C. Gardner, J. Prior to being sentenced, the defendant moved to withdraw his guilty plea claiming that he was innocent of the offense and admitting that he had lied to the court when he pled guilty. The court took the motion under advisement and issued an order for the defendant to show cause why he should not be held in contempt of court. The court subsequently found the defendant in contempt of court for lying during the guilty-plea proceedings. The court granted the defendant's motion to withdraw his guilty plea and, subsequently, the defendant was found not guilty of larceny in a building. The defendant appeals his conviction for criminal contempt. Held:

An essential element of criminal contempt is that a defendant act culpably. The Court of Appeals cannot conclude beyond a reasonable doubt that the defendant's statements at the plea-taking proceeding were motivated by bad faith rather than the assortment of personal reasons that the defendant suggests.

Reversed.

M. J. KELLY, J., dissented. He believes that the trial court did not abuse its discretion when it found the defendant guilty of

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contempt §§ 2, 3, 8, 98.
    21 Am Jur 2d, Criminal Law §§ 501, 502.
    Withdrawal of plea of guilty or nolo contendere, before sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 6 ALR Fed 665.
[2, 5] 17 Am Jur 2d, Contempt § 98.
[3, 5] 17 Am Jur 2d, Contempt § 8.
[4] 4 Am Jur 2d, Appeal and Error §§ 168-170.
    5 Am Jur 2d, Appeal and Error §§ 772, 774, 865, 869.
    17 Am Jur 2d, Contempt § 13.
[4] Appealability of contempt adjudication or conviction. 33 ALR3d 448.
[5] 17 Am Jur 2d, Contempt § 111.
[6] 17 Am Jur 2d, Contempt §§ 2, 3, 8.

criminal contempt because the defendant admitted to lying to the court at the plea-taking proceeding. While the defendant tried to show that he had reasons for lying to the judge, this does not absolve the defendant of contempt. He would affirm the defendant's contempt conviction.

OPINION OF THE COURT

1. CONTEMPT — GUILTY PLEAS — WITHDRAWAL OF PLEA.

Technically, it could be construed that almost every defendant who wishes to withdraw his guilty plea prior to sentencing has lied to the court in the plea-taking proceedings; however, the power to punish for contempt is awesome and carries with it the equally great responsibility to apply it judiciously and only when the contempt is clearly and unequivocally shown, otherwise, the contempt powers of the court would have an unacceptable effect on a defendant's decision to withdraw his plea.

2. CONTEMPT — CRIMINAL CONTEMPT — QUANTUM OF PROOF.

Guilt beyond a reasonable doubt is the quantum of proof required to find a defendant guilty of criminal contempt.

3. CONTEMPT — CRIMINAL CONTEMPT.

An essential element of criminal contempt is that a defendant act culpably (MCL 600.1701; MSA 27A.1701).

DISSENT BY M. J. KELLY, J.

4. CONTEMPT — ABUSE OF DISCRETION.

*The issuance of an order of contempt rests in the sound discretion of the trial court and is not reviewable except for an abuse of discretion.*

5. CONTEMPT — CRIMINAL CONTEMPT.

*Criminal contempt orders seek to punish a defendant for past disobedience and are characterized by the imposition of a determinate sentence without any opportunity for the contemnor to purge himself of the contempt; in criminal contempt cases, proof of guilt must be beyond a reasonable doubt, and it must be demonstrated that the defendant acted culpably and in wilful disregard or disobedience of the authority or orders of the court.*

6. CONTEMPT — CRIMINAL CONTEMPT.

*A defendant who lies to the court during proceedings in which he pleads guilty to a criminal offense may properly be punished for criminal contempt.*

*Alphonso R. Harper,* for the people.

*Patrick A. Keenan, Law Offices of Dennis C. Mitchenor,* for defendant on appeal.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

PER CURIAM. The defendant was charged with larceny in a building, MCL 750.360; MSA 28.592. He tendered a plea of guilty pursuant to a plea bargain which was accepted by the trial court. At the plea hearing, the defendant testified under oath to having committed the larceny offense with which he was charged. Prior to his sentencing, the defendant moved to withdraw his guilty plea, claiming his innocence and admitting that he lied to the judge when he pled guilty. The judge took the defendant's motion for withdrawal under advisement and issued an order for the defendant to show cause why he should not be held in contempt of court.

At the show cause hearing, the defendant's former trial attorney testified that the defendant had denied committing the crime he had pled guilty to but that the guilty plea was entered because he, the attorney, felt that the case was unwinnable and impossible and that the plea bargain would achieve the best possible result for the defendant. The attorney stated that he coached the defendant on what he would have to say to the court to satisfy the elements of the crime and have the court accept the plea.

The judge found the defendant in contempt of court for lying during the guilty-plea proceedings. The defendant was sentenced to, and served, 30 days in the Wayne County jail. The defendant's motion to withdraw his guilty plea was granted

and, subsequently, a jury found the defendant not guilty of larceny in a building. The defendant now appeals his conviction for contempt.

Technically, it could be construed that almost every defendant who wishes to withdraw his plea prior to sentencing has lied to the court in the plea-taking proceedings. However, "the power to punish for contempt is awesome and carries with it the equally great responsibility to apply it judiciously and only when the contempt is clearly and unequivocally shown". *People v Matish,* 384 Mich 568, 572; 184 NW2d 915 (1971). Otherwise, the contempt powers of the court would have an unacceptable chilling effect on a defendant's decision to withdraw his plea.

This case involves criminal contempt; however, that fact was never explicitly stated by the court. See *People v Johns,* 384 Mich 325; 183 NW2d 216 (1971). In a criminal contempt case, it is necessary to find a defendant guilty beyond a reasonable doubt. *People v Randazzo,* 21 Mich App 215, 216; 175 NW2d 333 (1970).

The defendant stated that he had lied to the court by misstating the facts to have his plea accepted. The issue becomes whether or not this action was contemptuous beyond a reasonable doubt. We conclude that it was not. An essential element of criminal contempt is that a defendant act culpably. *People v Kurz,* 35 Mich App 643, 652; 192 NW2d 594 (1971). We cannot conclude beyond a reasonable doubt that the defendant's statements at the plea-taking proceeding were motivated by bad faith rather than the assortment of personal reasons that the defendant suggests.

Reversed.

M. J. Kelly, J. *(dissenting).* MCL 600.1701; MSA

27A.1701 allows a trial court to punish by fine or imprisonment a person guilty of misconduct in certain enumerated cases. The issuance of an order of contempt rests in the sound discretion of the trial court and is not reviewable except for abuse of discretion. *In the Matter of Peisner,* 78 Mich App 642, 643; 261 NW2d 30 (1977). Criminal contempt orders seek to punish a defendant for a defendant's past disobedience and are characterized by the imposition of a determinate sentence without any opportunity for the contemnor to purge himself of the contempt. *Michigan v Powers,* 97 Mich App 166, 171; 293 NW2d 752 (1980), *lv den* 410 Mich 860 (1980). In criminal contempt cases, proof of guilt must be beyond a reasonable doubt. *Id.,* 171. It must be demonstrated that the defendant acted culpably, in "wilful disregard of disobedience of the authority or orders of the court". *People v Kurz,* 35 Mich App 643, 652; 192 NW2d 594 (1971), *lv den* 387 Mich 756 (1972).

In this case, the defendant admitted that he had lied during the guilty-plea proceedings. This type of bahavior is covered by MCL 600.1701; MSA 27A.1701 and is punishable as contempt. While the defendant tried to show that he had reasons for lying to the judge, I do not feel this absolves him of contempt. Nor do I agree with the majority that the defendant's contempt was not proven beyond a reasonable doubt. The defendant admitted to lying, and the trial court did not abuse its discretion when it found him guilty of contempt. I would affirm the defendant's conviction.