*In re* CONTEMPT OF ROBERTSON

(DAVILLA v FISCHER CORPORATION)

Docket No. 164736. Submitted November 3, 1994, at Detroit. Decided March 2

A worker's compensation magistrate found that the failure of Dr. J. Alan Robertson to appear as a witness at a scheduled worker's compensation trial, despite being served with a subpoena, was contempt of court. Thereafter, the plaintiff in the underlying action, Lino Davila, filed a petition in the Oakland Circuit Court seeking to enforce the contempt order issued by the magistrate. The court, Frederick D. Balkwill, J., entered an order to enforce the order of contempt. Dr. Robertson appealed.

The Court of Appeals *held:*

The magistrate lacked statutory authority to hold the doctor in contempt without first holding a hearing to determine the reason he failed to comply with the subpoena or appear at trial because the contempt occurred outside the presence of the magistrate. Punishment for any contempt committed outside the presence of the magistrate may be imposed only after proof of the facts charged are made by affidavit or other method and an opportunity has been given to defend. The due process safeguards that apply in a civil contempt proceeding also apply in worker's compensation contempt proceedings, as do rules of evidence, and proof of contempt must be clear and unequivocal. The circuit court erred in enforcing the magistrate's order.

Reversed.

1. WORKER'S COMPENSATION — ADMINISTRATIVE LAW — CONTEMPT OF COURT.

A worker's compensation magistrate may punish summarily contempt that is committed in the immediate view and presence of the magistrate; punishment for contempt committed outside the magistrate's presence may be imposed only after proof of the facts charged are made by affidavit or other method and an

REFERENCES

Am Jur 2d, Contempt §§ 19, 20, 41, 175, 204, 206, 207, 270, 271; Workers' Compensation §§ 602, 606, 607.

Use of affidavits to establish contempt. 79 ALR2d 657.

opportunity has been given to defend (MCL 418.853, 600.1711; MSA 17.237[853], 27A.1711).

2. WORKER'S COMPENSATION — ADMINISTRATIVE LAW — CONTEMPT OF COURT — DUE PROCESS.

The due process safeguards that apply in civil contempt proceedings in courts also apply in worker's compensation contempt proceedings.

3. ADMINISTRATIVE LAW — CONTEMPT OF COURT.

Contempt proceedings for acts committed outside the immediate view and presence of a worker's compensation magistrate must be initiated through an ex parte motion supported by an affidavit of facts showing the alleged contemptuous conduct; the rules of evidence apply at the hearing regarding the contempt charges, and contempt must be proved by clear and unequivocal evidence (MCR 3.606[A]; MRE 1101[a], [b][4]).

*Trivax & Trivax, P.C.* (by *David B. Trivax*), for Lino Davila.

*Charles T. Berschback,* for Dr. J. Alan Robertson.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and E. R. POST,* JJ.

PER CURIAM. Plaintiff filed an action with the Bureau of Worker's Disability Compensation alleging various work-related injuries while in the employ of defendant. Appellant, Dr. J. Alan Robertson, was hired by defendant to be a witness in the underlying worker's compensation case and to render expert testimony regarding plaintiff's injuries. When appellant failed to appear at the administrative hearing, the worker's compensation magistrate entered an order holding him in contempt. That order was subsequently affirmed by the circuit court. Appellant appeals as of right. We reverse.

The facts involved in this matter are not in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dispute. Plaintiff, Lino Davila, received injuries during the course of his employment with defendant, Fisher Corporation. Thereafter, on or about March 19, 1992, plaintiff filed an action with the Bureau of Worker's Disability Compensation Bureau (hereinafter wdcb) alleging a work-related disability. A trial date was scheduled for March 17, 1993.

In the meantime, defendant, Fisher Corporation, scheduled the deposition of its medical expert, J. Alan Robertson, D.C., M.D., for March 2, 1993. Apparently, plaintiff's counsel was confused about the date of the deposition and did not appear on March 2, 1993. Fisher's counsel proceeded anyway. Therefore, the direct examination of Dr. Robertson occurred on March 2, 1993; however, the cross-examination of Dr. Robertson was rescheduled for March 12, 1993, at Dr. Robertson's office.

Before the rescheduled deposition date, Dr. Robertson's office contacted plaintiff's attorney to relay the news that Dr. Robertson would require an additional fee of $750 for the cross-examination portion of the deposition (Dr. Robertson had already received $750 for the direct examination portion of his deposition). Reacting to that demand and perceiving that there might be a problem obtaining Dr. Robertson's deposition testimony, plaintiff's counsel obtained a subpoena on March 11, 1993, signed by a wdcb magistrate, ordering Dr. Robertson to appear and give testimony at the scheduled trial date, March 17, 1993.

On March 12, 1993, plaintiff arrived at Dr. Robertson's office with a "blank check," and told Dr. Robertson that he would pay him a reasonable fee for his time. However, Dr. Robertson refused to provide deposition testimony unless he was paid $750 in advance. Plaintiff's counsel then served Dr. Robertson with the subpoena to appear at the

trial scheduled for March 17, 1993. However, Dr. Robertson failed to appear for trial.

On March 24, 1993, the WDCB magistrate found "that Dr. Alan Robertson did willfully refuse to obey a duly authorized subpoena to appear as a witness in the workers compensation hearing scheduled for March 17, 1993" and ordered that Dr. Robertson be held in contempt of court. On March 29, 1993, plaintiff filed a petition to enforce the contempt order in the Oakland Circuit Court. On April 7, 1993, an order enforcing the contempt order of the WDCB was entered in the circuit court. Dr. Robertson filed this appeal as of right.

Appellant argues that the WDCB magistrate lacked statutory authority to hold him in contempt without first holding a hearing to determine the reason he failed to comply with the subpoena or appear at trial because the contempt occurred outside the presence of the magistrate. We agree.

Contempt of court is a wilful act, omission, or statement that tends to impair the authority or impede the functioning of a court. *Pontiac v Grimaldi,* 153 Mich App 212, 215; 395 NW2d 47 (1986). Courts have inherent independent authority, as well as statutory authority, to punish a person for contempt. MCL 600.1701 *et seq.*; MSA 27A.1701 *et seq.*; *In Re Contempt of Dougherty,* 429 Mich 81, 91-92, n 14; 413 NW2d 392 (1987); *Homestead Development Co v Holly Twp,* 178 Mich App 239, 245; 443 NW2d 385 (1989).

The Legislature has specifically vested WDCB magistrates with the power to punish for contempt. MCL 418.853; MSA 17.237(853). Section 853 of the Worker's Disability Compensation Act provides as follows:

Process and procedure under this act shall be as summary as reasonably may be. The director,

hearing referees, worker's compensation magistrates, arbitrators, and the board shall have the power to administer oaths, subpoena witnesses and to examine such parts of the books and records of the parties to a proceeding as relate to questions in dispute. Any witness who refuses to obey a subpoena, who refuses to be sworn or testify or who fails to produce any papers, books or documents touching any matter under investigation or any witness, party, or attorney who is guilty of any contempt while in attendance at any hearing held under this act may be punished as for contempt of court; for this purpose an application may be made to any circuit court within whose jurisdiction the offense is committed and for which purpose the court is given jurisdiction. [MCL 418.853; MSA 17.237(853).]

Although § 853 of the Worker's Disability Compensation Act gives a magistrate power to punish contempt of court, as in other civil cases, certain rules apply and certain procedures must be followed.

Section 1711 of the Revised Judicature Act provides as follows:

> (1) When any contempt is committed in the immediate view and presence of the court, the court may punish it summarily by fine, or imprisonment, or both.
> (2) When any contempt is committed other than in the immediate view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend. [MCL 600.1711; MSA 27A.1711.]

Hence, when the contempt is committed in the immediate view and presence of the WDCB magistrate, the magistrate, like other judges, may pun-

ish it summarily. MCL 418.853; MSA 17.237(853), MCL 600.1711(1); MSA 27A.1711(1). Such direct contempt occurs when all the facts necessary to find the contempt are within the personal knowledge of the judge. *In re Scott,* 342 Mich 614, 618; 71 NW2d 71 (1955); *Williams Int'l Corp v Smith,* 144 Mich App 257, 262; 375 NW2d 408 (1985), rev'd on other grounds sub nom *In re Contempt of Dougherty, supra.*

However, punishment for any contempt committed outside the presence of the magistrate may be imposed, as in other civil cases, only after proof of the facts charged are made by affidavit or other method and an opportunity has been given to defend. MCL 600.1711(2); MSA 27A.1711(2); *In re Contempt of Calcutt,* 184 Mich App 749, 757; 458 NW2d 919 (1990). It is well established that when a contempt is committed outside the presence of the court, the law requires that the accused be advised of the charges against him, afforded a hearing regarding those charges, and given a reasonable opportunity to meet the charges by defense of explanation. *In re Collins,* 329 Mich 192, 196; 45 NW2d 31 (1950); *Fraternal Order of Police, Lodge #98 v Kalamazoo Co,* 82 Mich App 312, 315-316; 266 NW2d 805 (1978). These minimal due process safeguards require that an accused be given a reasonable time in which to prepare a defense to the contempt charge. *Id.* A worker's compensation hearing is an administrative law proceeding. *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978). We hold that the due process safeguards that apply in a civil contempt proceeding likewise apply in worker's compensation contempt proceedings.

Contempt proceedings for acts committed outside the immediate view and presence of the magistrate must be initiated through an ex parte

motion supported by an affidavit of facts showing
the alleged contemptuous conduct. MCR 3.606(A);
*In re Contempt of McRipley,* 204 Mich App 298,
301; 514 NW2d 219 (1994); see also *In re Contempt
of Nathan,* 99 Mich App 492, 495; 297 NW2d 646
(1980), and cases cited therein. The rules of evi-
dence apply at the hearing regarding the contempt
charges. MRE 1101(a) and (b)(4). The standard of
proof is more stringent than in other civil actions:
proof of contempt must be clear and unequivocal.
*People v Matish,* 384 Mich 568, 572; 184 NW2d
915 (1971); *Detroit Bd of Ed v Detroit Federation
of Teachers,* 55 Mich App 499, 505-506; 223 NW2d
23 (1974).

After a contempt order has been entered under
§ 853 of the Worker's Disability Compensation Act,
enforcement of a magistrate's contempt order is
effectuated by applying to the appropriate circuit
court. MCL 418.853; MSA 17.237(853).

In the present case, Dr. Robertson, although
served with a subpoena signed by the WDCB magis-
trate, failed to appear for the scheduled trial date.
Without holding a hearing to determine the rea-
son that Dr. Robertson failed to appear, the magis-
trate entered an order holding Dr. Robertson in
contempt. These contempt proceedings were sum-
mary in nature and conducted without Dr. Robert-
son being notified thereof or being present. Al-
though Dr. Robertson's failure to appear under-
mined or at least implicated the administration of
justice, the offense was not committed within the
immediate view and presence of the magistrate.
The magistrate erred in punishing it summarily.

In *In re Henry,* 32 Mich App 654; 189 NW2d 96
(1971), this Court determined that an attorney's
failure to appear in court as ordered by the trial
court on the date set for a motion hearing, which
was the day before trial was scheduled to com-

mence, did not constitute contempt committed in the immediate view and presence of the court and, therefore, the trial court did not have the power to punish counsel by summary proceedings:

> We hold that Henry's failure to appear in court (under the facts set forth above) was not a contempt committed in the immediate view and presence of the court and accordingly the court did not have the power to punish by summary proceedings.
>
> The compelling reason a court may not invoke summary proceedings and punish for contempt one who fails to appear in court when required is that the reason for the absence of such person may not be within the personal knowledge of the judge. Another important reason is that under such circumstances immediate punishment is not absolutely essential to preserve the power and dignity of the court nor to prevent then and there an abuse of the court's orders. Immediate punishment is not necessary to quell a disturbance nor to prevent then and there an instant obstruction or interference with the orderly administration of justice. It is only when such narrow instances have occurred and even then only under the very eye and face of the court that the due process of law requirements must yield so as to permit the court to invoke its summary contempt powers.
>
> In all other cases due process of law requires that one charged with contempt be advised of the charges against him, be afforded a hearing on those charges, and thereby have a reasonable opportunity to meet the charges by defense or explanation. [*Id.* at 659.]

Here, although Dr. Robertson's very absence was certainly within the personal knowledge of the magistrate, the reason for his absence was not. *Id.* at 659-660. Apparently, the order of contempt was based on the representations of plaintiff's counsel.

All the facts necessary to find the contempt were not, therefore, within the personal knowledge of the judge (magistrate) and *In re Henry, supra,* is indistinguishable.

Because the alleged contempt was not direct contempt, that is, contempt committed in the immediate view and presence of the magistrate, the magistrate was without authority to punish it summarily. MCL 418.853; MSA 17.237(853), MCL 600.1711; MSA 27A.1711; *In re Scott, supra.* The circuit court erred in enforcing the magistrate's order.

Reversed.